**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELVIN H.,[1]

Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

Defendant.

Case No. 5:19-cv-01775-PD

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action seeking review of the Commissioner's final decision denying his application for supplemental security income. In accordance with the Court's case management order, the parties filed a Joint Stipulation addressing the merits of the disputed issue. For the reasons stated below, the decision of the Commissioner is reversed and the action is remanded.

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I. SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On October 4, 2016, Plaintiff filed an application for Supplemental Security Income benefits, alleging disability since August 1, 2011. [Joint Statement ("JS") 2; Administrative Record ("AR") 15.] Plaintiff's application was denied administratively. An Administrative Law Judge ("ALJ") held a hearing and issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. [JS 2; AR 15-23.] The ALJ found that Plaintiff suffered from severe impairments but retained the residual functional capacity ("RFC") to perform the demands of past relevant work as a tree pruner or other work. [JS 3-4; AR 19-39.] The Appeals Council denied Plaintiff's request for review [AR 1-6], rendering the ALJ's decision the final decision of the Commissioner.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 4, 2016, the application date. [AR 17.] At step two, the ALJ found that Plaintiff had the following severe impairments, which significantly limit his ability to perform basic work activities: bilateral knee arthritis, lumbar degenerative disc disease, left elbow degenerative joint disease, and left foot degenerative joint disease. [JS 2; AR 17.] At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 18.]

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform the demands of "medium work" with the following additional limitations:

> he can frequently climb ramps, stairs, and ladders; he can frequently stoop, kneel, crouch, balance, and

> crawl; he can frequently push, pull, and operate foot controls with the bilateral lower extremities; and he can frequently push and pull with the left upper extremity.

[AR 18.] In making this finding, the ALJ gave little weight to the treating opinion of Kamal K. Hossain, M.D., that Plaintiff would miss multiple days a week, can rarely lift and carry up to ten pounds, can stand or walk for one hour in an eight-hour workday, would need to lie down for an hour multiple times a day, would need to use a cane, can rarely use his upper extremities, can never perform postural activities, and can rarely be exposed to numerous environmental conditions. [AR 20-21.]

At step four, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a tree pruner. At step five, the ALJ found that Plaintiff could also perform other jobs that existed in significant numbers in the national economy. [AR 21-23.]

## II. DISPUTED ISSUE

Whether the ALJ erred in determining Plaintiff's RFC by assigning little weight to the opinion of treating physician Kamal K. Hossain, M.D. [JS 8.]

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). An ALJ's assessment of a claimant's RFC must be affirmed if the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "Substantial evidence is 'more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

This Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. RELEVANT MEDICAL EVIDENCE

### A. Dr. K. Hossain, Treating Physician

The medical record evidence includes opinions and treatment notes from 2010 to 2018 of Mohammed Hossain, M.D. ("Dr. M. Hossain") and Kamal K. Hossain, M.D. ("Dr. K. Hossain"), [2] who shared a practice. [AR 55, 341-44, 355-60, 393-94, 417, 565-676.] From 2010 through 2014, Dr. M. Hossain

---

[2] The records also refer to Dr. K. Hossain as Dr. Ruby Hossain and Dr. Ruby K. Hossain. [AR 55.]

treated Plaintiff for pain in his back, legs, left foot, both hands, left arm and shoulder. [AR 565-582, 672.] X-ray imaging in May 2013 requested by Dr. M. Hossain of Plaintiff's left foot revealed two calcaneal spurs and degenerative joint disease. [AR 591.]

In March 2016, x-ray imaging requested by Dr. K. Hossain of Plaintiff's lumbar spine showed degenerative disc disease, most severe at the L4-L5 discs. [AR 19-20, 373-74.] X-ray imaging in March 2017 requested by Dr. K. Hossain of Plaintiff's left elbow revealed mild generalized degenerative joint disease and mild osteophytosis developing. [AR 377-78, 386.]

In April 2017, Plaintiff followed up with Dr. K. Hossain for pain in the joints of his elbow and wrist. [JS 6; AR 416.] In July 2017, Plaintiff presented to Dr. K. Hossain with lower back pain and difficulty walking and standing. [AR 399.] A July 2017 CT scan of the pelvis showed degenerative changes of the lower lumbar spine. [AR 383, 388, 407.] In July 2017, Plaintiff also was triaged in a hospital emergency department for back and right flank pain after he had fallen from a ladder. He was using a cane. He rated his pain at ten of ten on a pain value scale, was given morphine and discharged. [JS 6; AR 513-14.]

In November 2017, a CT scan of Plaintiff's abdomen and pelvic reason found that "[t]he skeletal structures show moderate to severe degenerative changes." [AR 529.] In December 2017, Plaintiff returned to Dr. K. Hossain complaining of back pain with muscle spasms, knee pain, and pain in his hernia area. Dr. K. Hossain noted that his status was worsening regarding his degenerative joint diseases. [JS 6; AR 406.]

In March 2018, Plaintiff returned to Dr. K. Hossain for his low back pain, and was experiencing pain in his wrist, right thigh and leg. He was prescribed Motrin 800 mg and Keflex for his pain. [AR 401.] X-ray imaging in March 2018 requested by Dr. K. Hossain of Plaintiff's lumbar spine showed

moderate lumbar degenerative joint disease. It found moderate multilevel degenerative endplate change, facet arthropathy and osteophytosis developing, as well as maintained vertebral body heights, anatomic alignment, and no significant spondylolisthesis. [JS 6; AR 19, 379-80, 391, 398.] In July 2018, Plaintiff returned to Dr. K. Hossain for low back pain, stating that it was difficult to walk, stand, bend, and stoop. [AR 399.] In September 2018, Plaintiff followed up with Dr. K. Hossain with low back pain, tiredness, and fatigue. He related being unable to work due to the unrelenting nature of his pain. [AR 393.]

Also, in September 2018, Dr. K. Hossain completed an assessment of impairments and limitations, stating that she is a primary care physician and had been treating Plaintiff as needed since March 2016. She listed his diagnoses for which she had provided treatment as lower back pain, arthritis, hypertension, hyperlipidemia, and chest pain. [JS 7; AR 356-59.] Dr. K. Hossain also noted that if Plaintiff tried to work full time, he likely would be absent four or more days monthly due to impairments and/or treatment. She opined that he can never lift and carry more than twenty pounds and rarely ten pounds or less, based on x-rays showing degenerative joint disease, a cyst in the mid-upper back, and an umbilical hernia. [AR 356-57.]

Dr. K. Hossain also noted that Plaintiff can sit for four hours and stand for one hour in an eight-hour work day, based on lower back pain, arthritis, walking slowing, and using a cane to support his joints and legs. [AR 357.] The doctor also opined that Plaintiff requires the option to lie down or recline four to five times during an eight-hour workday for at least one hour each time. [AR 357.] The doctor further noted that Plaintiff required daily use of a cane to sustain a reasonable walking pace over sufficient distance to carry out activities of daily living, and without the cane can ambulate one block. [AR 358.] The doctor also opined that Plaintiff can never push or pull with his

bilateral arm and hands, and rarely perform any other postures like reaching overhead, handling, fingering, and feeling. [AR 358.] He is significantly limited in his abilities to climb stairs, ramps, ladders and scaffolds, balance, stoop, kneel, crouch, and crawl, but can frequently rotate head and neck. Additionally, Dr. K. Hossain noted that Plaintiff can never be exposed to moving mechanical parts or operate a vehicle, and can only rarely be exposed to unprotected heights, humidity and wetness, dust/odors/fumes/pulmonary irritants, extreme hot or cold, or vibration. [AR 359.]

### B. William Wang, M.D., Orthopedic Examination

In September 2015, William Wang, M.D., conducted an orthopedic evaluation of Plaintiff.[3] [JS 4; AR 310-316.] Plaintiff reported bilateral knee, ankle, and wrist pain, along with low back pain, which he described as sharp, sometimes radiating down the right leg to the ankle, and exacerbated by standing, walking, bending and lifting. [AR 310-311.] He described his knee pain with an intensity level of eight of ten, greater in the left knee, and exacerbated by lifting. [AR 311.] . Plaintiff "occasionally uses a cane for ambulation, although he does not bring a cane to the office today." [AR 311.]

Dr. Wang performed a physical examination and documented normal mobility, minimal and mild tenderness in his lumbar spine, slight loss of lordosis, absence of painful range of motion in his back, negative straight leg raising, normal findings in his joints, mild tenderness in his wrist, minimal knee crepitus, and full motor strength. [AR 312-315.] X-rays showed diffuse degenerative disease with loss of lordosis in the lumbar spine and some degenerative changes in the bilateral knees. The doctor diagnosed bilateral knee arthritis, lumbar degenerative disease, posterior tibial tendinitis bilaterally, and bilateral wrist pain. [AR 315.] Dr. Wang also noted that

[3] This examination pertained to a different application. [JS 4; AR 310-316.]

Plaintiff had good strength and range of motion in his knee, leading to an impression of "mild degenerative disease of the bilateral knee." [AR 315.] Dr. Wang's functional assessment was that Plaintiff could lift and carry fifty pounds occasionally and twenty-five pounds frequently, and in an eight-hour work day could stand, walk and sit for six hours. [AR 315-16.]

**C. Dr. Hopkins, Orthopedic Surgeon Examination**

In September 2016, Gail Hopkins, MD, an orthopedic surgeon, conducted an orthopedic examination of Plaintiff, who presented with lower back pain that is aggravated by sitting, standing, and walking and that radiates into the legs. [AR 324-27.] The doctor stated that lumbar spine x-rays showed severe multilevel degenerative changes from L2-L5. Dr. Hopkins diagnosed lumbar disc degenerative disease, recommended physical therapy, and referred Plaintiff to a pain management physician. [AR 326-27.]

**D. Seung Ha Lim, M.D., Internal Medicine Consultative Examination**

In January 2017, Seung Ha Lim, M.D., performed an internal medicine consultative examination. [JS 5; AR 20, 336.] Plaintiff reported a history of back pain since 2011 and pain in his hands and knees for twelve years. [AR 336.] Dr. Lim's findings and conclusions "relate to an internal medicine assessment of alleged disability, and should not be misconstrued as a complete physical examination for general medical purposes." [AR 336-337.] Dr. Lim reported that Plaintiff was able to generate fifty pounds of force using his right hand and seventy using his left. [AR 337.] The doctor observed pain on motion with normal range of motion in the back, normal gait, and no need for a cane. Plaintiff had normal range of motion with pain in his knees. [AR 20, 339.] Dr. Lim opined that Plaintiff could sit for six hours in an eight-hour workday with appropriate breaks, lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. The doctor noted that pushing and

pulling is limited to frequent use of both lower extremities, and that Plaintiff has postural limitations such as frequent climbing, crouching, stooping, crawling, and kneeling. [AR 339.]

**E. State Agency Examining and Reviewing Physicians**

In February 2017, G. Spinka, M.D., performed a consultative examination of Plaintiff and concluded that his condition (severe dysfunction in his major joints and severe other arthropathies) resulted in some limitations in ability to perform work-related activities but did not prevent Plaintiff from performing past work as a cook. [AR 54-62.] The assessment listed past relevant work as a cook helper, and past work as a construction worker from 2007 to 2008, and a laborer from 2009 to 2011. [AR 61.]

In April 2017, Plaintiff sought reconsideration on the ground that his condition had become more severe and caused greater limitations. [AR 65-74.] G. Taylor Holmes, M.D., concluded that no new evidence was received and found the earlier determination by Dr. Spinka reasonable. [AR 72.]

**F. Plaintiff's Testimony**

At the hearing on December 21, 2018, Plaintiff testified that he suffers from rheumatoid arthritis, hypertension, right knee pain, and back pain, which limits him from working. [AR 19.] Plaintiff testified that his spine hurts every day, that he can sit for about four hours before having to get up and walk around, and that he can walk for about twenty minutes. [AR 33-34.] His daily back-pain level is a seven out of ten, which causes him to lose concentration. [AR 38.] He takes prescription pain medication, lies down to relieve his pain, and does not do household chores because of his pain. [AR 33-38.]

## V. THE ALJ'S DECISION

The ALJ found that although Plaintiff has a history of several orthopedic disorders and complaints of lower back, groin, hip, foot, and elbow pain, and that some physical examinations indicate decreased range of motion and tenderness in his back, other examinations highlighted normal mobility as well as normal and independent gait. The ALJ also concluded that the non-disabling nature of the impairments was underscored by the orthopedic specialist's recommendation of conservative treatment rather than surgery. The ALJ's Decision (the "Decision") stated that the medical records did not establish a medical need for a cane, even though Plaintiff attended the hearing with one. [AR 19.]

The ALJ also found the diagnostic imaging studies unremarkable. In particular, the ALJ discussed the May 2013, March 2016, March 2017, and March 2018 x-rays, and highlighted that they showed degenerative joint disease but no significant spondylolisthesis and no spinal canal stenosis or nerve root compromise. [AR 19-20.] The ALJ also noted the absence of any treating physician clinical notes establishing the need for a cane. [AR 21.]

The ALJ gave great weight to the opinions of Drs. Wang, Lim, Spinka and Taylor-Holmes. [AR 20.] In particular, the ALJ highlighted Dr. Wang's notes indicating Plaintiff's normal mobility, minimal and mild tenderness in his lumbar spine, absence of painful range of motion in his back, full motor strength, and mild degenerative disease of the bilateral knee. The ALJ also highlighted Dr. Lim's findings that Plaintiff's gait was normal, that he had some painful range of motion in his back and knees, and that he had full motor strength without focal motor deficits. The ALJ determined that these two examining physicians' opinions supported a medium work RFC, as their reports indicated mostly benign clinical findings. [AR 20.]

The ALJ assigned little weight to Dr. K. Hossain's opinion, concluding that its limitations, which are so restrictive as to preclude all work, were not supported by the doctor's notes and treatment records.[Js 19; AR 21.] The ALJ further found that the "lack of significant findings" in Plaintiff's x-rays, "including the absence of any spinal canal stenosis or nerve root compromise, further emphasizes an inconsistency" between Dr. K. Hossain's opinion and the restrictions. [AR 21.]

## VI. DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff's claim of error warrants a remand for further consideration.

### A. Applicable Legal Standards

The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2).[4] When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675

[4] Section 404.1527 applies because Plaintiff filed his application before March 27, 2017. For applications filed on or after that date, 20 C.F.R. § 404.1520c applies. The new regulations change how the Social Security Administration considers medical opinions and prior administrative medical findings and eliminate the term "treating source" and deference to treating source medical opinions. *See* 20 C.F.R. § 404.1520c(a); *see also* 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016).

(quotations omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**B. The ALJ Erred in Assigning Little Weight to the Treating Physician's Opinion**

The ALJ erred by failing to apply the appropriate factors in determining the extent to which Dr. K. Hossain's treating opinion should be credited. In weighting that opinion, the ALJ did not address the length of Dr. K. Hossain's treating relationship with Plaintiff, the frequency of examination, or the nature and extent of the treatment relationship. *See* 20 C.F.R. § 404.1527(c)(2)-(6); *Trevizo*, 871 F.3d at 676 ("This failure [to consider § 404.1527(c)(2)-(6) factors] alone constitutes reversible legal error.").

The ALJ also erred by not setting forth specific and legitimate reasons supported by substantial evidence for discounting Dr. K. Hossain's opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009); *Orn*, 495 F.3d at 634-35 (ALJ reasoning that is "not responsive" to the basis of a physician's opinion fails the "specific and legitimate" standard). The ALJ found that the restrictive limitations to which Dr. K. Hossain opined were not supported by her clinical notes, elaborating that the treatment records as a whole reflects Plaintiff's "relatively stable, benign, and unremarkable physical findings;" the opinion is inconsistent with x-rays, which display a "lack of significant findings", including the absence of "spinal canal stenosis or nerve root compromise;" and that the clinical notes "fail to establish a medical necessity" for a cane. [AR 20-21.] The ALJ supported these conclusions with citations to Exhibits 12F and 15F [AR 21], which are 25 pages of materials dated March 14, 2017 to September 11, 2018 and over 100 pages of records dated August 19, 2010 to September 28, 2014,

respectively. [AR 392-417; 564-676.] The ALJ did not specify how the clinical records of Dr. K. Hossain fail to support her opinion.

The ALJ concludes that the x-rays do not reveal significant findings because they do not show spinal canal stenosis or nerve root compromise. [AR 21.] However, the ALJ does not explain how the absence of these conditions is inconsistent with Dr. K. Hossain's opinion, particularly since that opinion does not identify either condition as the basis for Plaintiff's limitations. *See Kelly v. Berryhill*, 732 Fed. App'x 558, 561 (9th Cir. 2018) (ALJ may not "cherry-pick" normal and ignore abnormal findings; error to emphasize absence of a condition when doctor's opinion as to limitations was not based on the plaintiff suffering from that condition); *Orn*, 495 F.3d at 635 (ALJ may not exclude a physician's testimony for a lack of objective evidence of impairment not referenced by the physician).

The ALJ also fails to explain how the findings of "moderate multilevel degenerative endplate change, facet arthropathy, and osteophytosis developing" in the March 2018 lumbar spine x-ray ordered by Dr. K. Hossain [AR 398-401], and of "underlying degenerative disc disease" evidenced by findings of "severe narrowing of L4-5 disc with vacuum phenomenon, mild narrowing of L1-L2 and L3-4 disc spaces" in the March 2016 lumbar spine x-ray ordered by Dr. K. Hossain [AR 373-74], are not significant. The ALJ also does not address the November 2017 CT scan indicating that Plaintiff's "skeletal structures show moderate to severe degenerative changes." [AR 529.]

Additionally, the ALJ does not address how Dr. K. Hossain's notes are inconsistent with these x-ray and CT findings. In fact, consistent with these findings, in December 2017 Dr. K. Hossain noted Plaintiff's status was worsening regarding his degenerative joint disease. [JS 6; AR 406.] *See Orn*, 495 F.3d at 634 (error to disregard treating physician's opinion substantiated

by contemporaneous medical tests; gradual decrease in Plaintiff's physical capacity, as illustrated by treating physicians' evaluations, supported by record).

The ALJ also discounted the treating physician's opinion on the ground that the clinical notes fail to establish a medical necessity for a cane. [AR 21.] In March 2018, Dr. Hossain opined that Plaintiff requires daily use of a cane to sustain a reasonable walking pace over sufficient distance to carry out activities of daily living, and that without the cane he can ambulate one block. [AR 21, 358.] Dr. K. Hossain's notes reflect that in July and December 2017 and in March 2018 Plaintiff presented with ongoing lower back pain and difficulty walking and standing, consistent with the CT and x-ray imaging, and at his July 2017 emergency room treatment after he fell from a ladder, Plaintiff was using a cane. [AR 383, 388, 399, 401, 406-7, 513-14.] The ALJ does not explain why this information does not support Dr. K. Hossain's opinion.

The ALJ gave great weight to the opinions of Drs. Wang, Lim, Spinka and Taylor-Holmes. [AR 20.] The discussion of these physicians' observations, all based on single visits in 2015, and January, February, and April 2017 that predated the November 2017 CT scan and March 2018 x-rays, do not address the progressively degenerating nature of Plaintiff's condition, which is reflected in the medical record [JS 15-16]. Moreover, none of these examining physicians had reviewed Plaintiff's treatment records before rendering their opinions.[5] *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly

---

[5] *See* AR 311 (Dr. Wong's report states "There are no medical records for review at this time"); AR 336 (Dr. Lim performed a physical examination based on formal testing and observation of Plaintiff; no mention of any review of medical records); AR 57-58, 69 (state agency had not acquired records from Dr. K. Hossain at time of Dr. Spinka's evaluation; Dr. Taylor-Holmes' review notes that no new evidence was received).

probative."); *Kelly*, 732 Fed. App'x at 562 ("[T]he ALJ is not free to ignore relevant, competent evidence—such as a recent lumbar MRI for a claimant who suffers from lumbar degenerative disc disease and lumbar spondylosis—that would lend support to a claim of disability.").

Accordingly, the Court finds that substantial evidence does not support the ALJ's rejection of Dr K. Hossain's opinion. The Commissioner does not dispute that Dr. K. Hossain's limitations were restrictive enough to preclude work. [JS 19.] Had the ALJ given Dr. K. Hossain's treating opinion controlling weight, the outcome would have been different. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if it is inconsequential to the ultimate non-disability determination).[6] Thus, the ALJ's error is not harmless, and remand is warranted. *See Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (remand is proper where additional administrative proceedings could remedy the defects in the decision.) On remand, the ALJ should re-evaluate Dr. K. Hossain's treating opinion and the medical records, and if appropriate, provide specific and legitimate reasons, supported by substantial evidence, for discounting her treating opinion.

---

[6] Courts in this circuit have concluded that conditions apparently similar to Plaintiff's support an RFC of light, rather than medium, work. *See Kovalenko v. Berryhill*, 2018 WL 2441582, at *6 (E.D. Cal. May 31, 2018); *Morris v. Berryhill*, 2018 WL 582572, at *4 (C.D. Cal. Jan. 25, 2018); *Flores v. Colvin*, 2017 WL 367408, at *6 (C.D. Cal. Jan. 24, 2017); *Leon v. Berryhill*, 2017 WL 1198587, at *10 (E.D. Cal. Mar. 30, 2017) .

## VII. CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: February 17, 2021

Patricia Donahue

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE



NOTICE: THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.